UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.06-61864-CIV-MIDDLEBROOKS/JOHNSON

ALEJANDRO POMAREDA, and JASON MOEDING,
on their own behalf and others similarly situated

    Plaintiffs,

v.

HOMEBRIDGE MORTGAGE BANKERS CORP.,
a New York Corporation, a/k/a REFINANCE.COM,

    Defendant.
_____/

### ORDER ON PLAINTIFFS' MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS

    THIS CAUSE comes before the Court upon Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights (DE 15) filed on January 12, 2007. Defendant responded in opposition (DE 19) and Plaintiffs filed a reply (DE 21). The matter is fully briefed and ripe for review. The Court has reviewed Plaintiffs' Motion and the record in this case.

    Plaintiffs filed this FLSA action against Defendant in December 2006. Plaintiffs, two employees of Defendant who worked in the Deerfield Beach office of Defendant as mortgage consultant/loan officers, are before the Court requesting that I permit and supervise notice to all current and former individuals who held the same position with Defendant and were not paid time and a half their regular rate of pay for overtime worked from February 2004 to the present. Plaintiffs seek to provide notice not only to individuals who worked in the same office as they did, but they also want to provide notice to those individuals in their position with Defendant in other offices in New York and California. Defendant opposes Plaintiffs' request arguing that Plaintiffs have not satisfied the requirements necessary to permit Court authorized notice. Defendant also specifically points out that Plaintiffs have put forth no evidence that there are employees in New York or California who want to join in this action.

I begin by analyzing the standard employed to evaluate motions requesting court ordered notice in an FLSA case. At this stage of the proceedings, the certification of a collective action would be conditional, and the Defendant could challenge the certification at a later point in the case. For conditional certification, "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

The Eleventh Circuit has articulated, though not required, an approach in which district courts utilize a two-tiered analysis to determine collective action certifications. That process is described below.

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--i.e. the original plaintiffs--proceed to trial on their individual claims.

*Id.* at 1218. I accept the Eleventh Circuit's guidance on this matter and will utilize this approach in determining the merits of Plaintiffs' Motion. As this is the "notice" stage of the proceedings, the test calls for a "fairly lenient standard." Using the standard discussed above I must determine "1) whether there are other employees who desire to opt-in; and 2) whether these employees are

similarly situated with respect to their job requirements and pay provisions." *Smith v. Tradesmen International, Inc.*, 289 F.Supp2d 1369, 1371 (citing *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).  In *Smith*, Judge King discussed a number of factors a district court can consider when making the similarly situated decision at this stage in the litigation.  *Smith*, 289 F.Supp.2d at 1372.  These factors include: 1) whether the potential class members held the same job title, 2) whether the potential class members worked in the same geographical location, 3) whether the same time period is involved in the alleged violations, 4) whether the same practices and policies were imposed on the potential class members and such practices and policies were established by the same manner and decision maker; and 5) the similarity of the actions which Plaintiffs rely on to establish their claims.  *Id.*  I decide the question before me, mainly whether there are other employees of Defendant in Florida, New York, and California who are similarly situated as to their job requirements and pay provisions and desire to opt-in to this lawsuit based on the standard discussed above.

      I will also use the factors discussed above in analyzing the facts of this case.  Each Plaintiff, Alejandro Pomareda and Jason Moeding, submitted an affidavit in support of their Motion.  The affidavits are very similar in their factual statements supporting their Motion.  Pomaredo and Moeding both worked at Defendant's Deerfield Beach office.  They state that Defendant employed approximately thirty-five to fifty mortgage consultants/loan officers at this location, who were also subject to the same compensation practices, mainly not keeping track of their hours and not compensating them for overtime worked at a rate of one and a half their regular rate.  To date, approximately 13 other individuals have filed consents to join.  This fact offers further support for Plaintiffs' position.  However, no employee from New York or California has filed a consent to join.  There is no affidavit from a mortgage consultant/loan officer who worked in one of Defendant's offices in New York or California.  Plaintiffs' affidavits do not include names of individuals who worked in the New York or California offices or who desire to opt-in to this litigation.  Plaintiffs do not put forth with any specificity the basis for any personal knowledge they have that there are other similarly situated employees in the New York and California offices, who worked similar hours, and were paid similarly.  One of the factors discussed above, the same geographic location, is clearly not present in this case as to

employees who did not work in the Deerfield Beach office.  Plaintiffs present no evidence as to factors four and five where there are no specific facts linking Defendant's policies and practices at the Deerfield Beach office to the same for the offices in New York and California.  Therefore, while I conclude that Plaintiffs have satisfied their requirement as to mortgage consultant/loan officers who worked or work in Defendant's Deerfield Beach office, I do not agree that Plaintiffs have satisfied their burden, even acknowledging that it is not a heavy one, as to mortgage consultant/loan officers in other offices.

**Notice**

Defendant argues that the notice Plaintiffs want to provide is defective in that it fails to fully inform the recipient of the possible consequences of opting into the suit, specifically that the opt-in plaintiff, if unsuccessful, may be responsible for Defendant's costs.  As Judge Jordan discussed in *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004), the possibility of imposition of attorney's fees on plaintiffs in an FLSA action is not broad enough to be necessary to the court-ordered notice.  The Court must find that plaintiffs litigated in bad faith before finding defendant is entitled to attorney's fees in an FLSA action.  *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998).  I agree with Judge Jordan.  Therefore, I reject Defendant's argument regarding the notice being defective in this case.  I approve Plaintiffs' attached Notice, although request the correction of two typographical errors.  The Section heading under Section III, appears to have an extra letter where it states joint instead of join.  Second, the notice must be changed to include my name instead of Judge Hurley's in the section entitled The Legal Effect of Joining this Suit.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights (DE 15) is GRANTED IN PART.  It is FURTHER ORDERED AND ADJUDGED that:

> (1) Defendant shall provide Plaintiff with a list containing the names, addresses, dates of employ, and telephone numbers of all current and former mortgage consultants/loan officers who have worked at Defendant's Deerfield Beach office between February 2004 and the present within ten (10) days of the date of this Order.

(2) Plaintiff shall mail a copy of their notice form, with the changes discussed above, to potential class members within seven days of receipt of the list from Defendant.

(3) Any similarly situated employees who wish to join the action must return their consent to join forms to Plaintiffs' counsel within 35 days from the date the notices were mailed.

DONE AND ORDERED at Chambers in West Palm Beach , Florida, this 22nd day of February 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record

# IMPORTANT NOTICES

### CM/ECF PROCEDURES

**COURTESY COPIES: Notwithstanding the implementation of CM/ECF, all parties shall deliver a courtesy copy to the Intake Section of the Clerk'**s Office of all dispositive motions and/or motions EXCEEDING TWENTY-FIVE PAGES. This copy shall be bound and any Attachments and/or Appendices must be indexed with tabs.

**PROPOSED ORDERS: Counsel shall send a proposed order for ALL non-dispositive motions as well as proposed final judgments in WORDPERFECT FORMAT directly to** middlebrooks@flsd.uscourts.gov.  Please refer to the docket entry number on the proposed order. The Complete CM/ECF Administrative Procedures are available on the Court's Website at www.flsd.uscourts.gov

### ATTENTION: AMENDED SECURITY POLICY

**Pursuant to Administrative Order 2006-16, issued by the Chief Judge July 31, 2006:**
NO ONE SHALL BRING CELLULAR TELEPHONES INTO THE FEDERAL COURTHOUSE **EXCEPT** attorneys permitted to practice law within the Southern District of Florida with a valid Florida Bar Association Bar Card Identification having business within the facility. Additionally,

attorneys admitted pro hac vice shall be permitted to bring their cellular phones into the courthouse also.  (This applies to attorneys only and precludes staff, investigators, etc.)  **Cellular telephones with integrated cameras are now permitted into the Courthouse pursuant to the other provisions herein**. Other exceptions to this policy exist, please contact the United States Marshal's office for further information.